IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-77,940-01






EX PARTE TOMAS RAUL GALLO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 940093 FROM THE


182ND DISTRICT COURT OF HARRIS COUNTY





 Price, J., filed a concurring statement in which Johnson, J., joined.


CONCURRING STATEMENT



 Twice in recent months, I have filed dissenting statements in cases that involve
testimony on behalf of the State with respect to mental retardation from Dr. George
Denkowski. (1) In both Butler and Matamoros, the issue of mental retardation was raised for
the first time in an initial post-conviction application for writ of habeas corpus. In that
context, this Court is the ultimate fact finder. (2) In each case, we initially rejected the
applicant's mental retardation claim, but we later revisited it in light of the fact that
Denkowski's diagnostic practices have lately come under considerable professional scrutiny. 
In April of last year, he entered into a settlement agreement, in proceedings that were brought
against him by the Texas State Board of Examiners of Psychologists with the State Office
of Administrative Hearings, in which he agreed to discontinue forensic evaluations for
mental retardation in Atkins cases. (3) In both Butler and Matamoros, we remanded the cause
for further consideration only later to sign off on amended recommended findings of fact and
conclusions of law from the convicting court that I found objectionable. They seemed to me
to underestimate the impact of Denkowski's discredited contribution to our initial findings
that Butler and Matamoros were not mentally retarded.

 This case comes to us in a different posture. The issue of mental retardation was
litigated at trial, and it was the applicant's jury that originally found that he does not suffer
from mental retardation for purposes of Atkins v. Virginia. (4) On direct appeal, the applicant
raised various complaints with respect to how that issue was litigated at trial--including an
argument that the jury's rejection of his mental retardation claim was against the great weight
and preponderance of the evidence. We addressed those claims and rejected them, (5) for better
or worse, and the applicant will be able to challenge our holdings to a higher authority if he
reiterates those complaints in federal habeas proceedings. In the meantime, as his initial
post-conviction application for writ of habeas corpus comes before us today, we are not the
fact finder with respect to mental retardation, as we were in Butler and Matamoros. It is not
our office as the court of return in these post-conviction habeas proceedings to decide
whether the applicant has shown he is mentally retarded, or even whether the evidence
presented at trial adequately demonstrated that he was.

 I agree that the applicant has not shown he is entitled to relief in his initial habeas
application, even with respect to his complaints against Denkowski. I do not join the Court's
order, however, because there are certain findings of fact and conclusions of law with respect
to the applicant's current complaints against Denkowski to which I cannot subscribe. The
convicting court adopted the State's entire proposed findings of fact and conclusions of law,
and now this Court adopts most of them too. But by adopting the State's recommended
findings wholesale, the convicting court has distorted the import of the applicant's first
claim. The convicting court would have us find, in Finding Number 46, that the applicant's
complaint with respect to Denkowski's testimony constitutes a renewed challenge to the
sufficiency of the evidence to support the jury's rejection of mental retardation. Moreover,
in Finding Number 47, the convicting court suggests that we find that "the State, in the
interest of justice and judicial efficiency, waives the issue of non-cognizability in habeas
proceedings of the sufficiency of evidence of the mental retardation in this particular case,"
but that we should then find, in Finding Number 48, that the jury's verdict was still not
against the great weight and preponderance of the evidence, even discounting Denkowski's
testimony. Assuming that the State can, in fact, "waive the issue of non-cognizability" of a
sufficiency claim and permit us to reach it, the Court makes a mistake today to adopt this
distorted view of the applicant's claim.

 I agree that the applicant is not entitled to relief on his first claim, but not because it
amounts to a renewed sufficiency of the evidence claim. Instead, the applicant's first claim
is part of a trio of complaints that are interrelated. In his Claim for Relief Number 1, the
applicant argues that Denkowski's trial testimony should have been excluded at trial under
Rule 702 of the Texas Rules of Evidence because his various methods for adjusting the
applicant's IQ scores, as well as the score obtained under the particular instrument he used
for assessing the applicant's adaptive deficits, are not accepted as reliable in the relevant
scientific community. (6) Perhaps sensing that we would not likely recognize such a claim as
cognizable because it lacks a constitutional dimension, (7) the applicant's habeas counsel
coupled it with Claims for Relief Numbers 2 and 3, in which he argues that his trial and
appellate lawyer (who were one and the same in this case) performed deficiently for Sixth
Amendment purposes by not preserving this issue at the trial level and then raising it on
direct appeal. (8) Thus, on its face as well as in the broader context, the applicant's first claim
does not remotely resemble a renewed sufficiency of the evidence claim as the State has
misled the convicting court, and now this Court, into believing. The Court would do well
today to reject the convicting court's recommended Findings of Fact 46 through 48.

 This is not to say that the applicant may not yet have some recourse to bring a
cognizable claim to this Court predicated on Denkowski's settlement agreement. The
applicant filed this initial post-conviction application for writ of habeas corpus in March of
2007. That was two years before we issued our opinion in Ex parte Chabot, in which we
recognized for the first time as cognizable in post-conviction habeas proceedings a due
process claim based upon the State's inadvertent use of false evidence during trial. (9) It is
conceivable that the applicant could satisfy the conditions for proceeding to the merits of a
claim in a subsequent writ application that are embodied in Article 11.071, Section 5(a)(1)
of the Code of Criminal Procedure. After all, it is at least arguable that there exist both new
facts and new law that were unavailable to him when he filed his initial writ application. (10) 
I express no opinion, of course, with respect to the likelihood of success he might attain
pursuing such a subsequent writ claim.


FILED: January 9, 2013

DO NOT PUBLISH
1. Ex parte Butler, ___ S.W.3d ___, 2012 WL 2400634 (Tex. Crim. App., delivered June 27,
2012) (Price, J., dissenting); Ex parte Matamoros, No. WR-50,791-02, 2012 WL 4713563 (Tex.
Crim. App., delivered Oct. 3, 2012) (Price, J., dissenting) (not designated for publication).
2. Butler, supra, at *11 n.6.
3. See Maldonado v. Thaler, 625 F.3d 229, 234 (5th Cir. 2010) (noting the proceedings brought
against Denkowski in the State Office of Administrative Hearings); Pierce v. Thaler, 604 F.3d 197,
213 (5th Cir. 2010) (noting that this Court had recently found Denkowski's credibility to be lacking
in Ex parte Plata, No. AP-75,820, 2008 WL 151296 (Tex. Crim. App., delivered Jan. 16, 2008) (not
designated for publication)).
4. Atkins v. Virginia, 536 U.S. 304 (2002).
5. Gallo v. State, 239 S.W.3d 757, 775 (Tex. Crim. App. 2007).
6. Tex. R. Evid. 702.
7. See Ex parte Ramey, 382 S.W.3d 396, 397 (Tex. Crim. App. 2012).
8. The Court properly denies relief today on these latter two claims because his trial counsel
has explained to our satisfaction that he had a plausible strategic basis not to challenge the
admissibility of Denkowski's testimony under Rule 702. 
9. 300 S.W.3d 768, 771 (Tex. Crim. App. 2009). See Ex parte Chavez, 371 S.W.3d 200, 205
(Tex. Crim. App. 2012) ("Chabot was the first case in which we explicitly recognized an
unknowing-use due-process claim; therefore, that legal basis was unavailable at the time applicant
filed his previous application. See Tex. Code Crim. Proc. art. 11.07 § 4(a)(1).").
10. Tex. Code Crim. Proc. art. 11.071 § 5(a)(1).